No. 1382. C. & E. I. R. R. Co. v. Kamman. On the 17th day of March, 1883, Kamman commenced his suit before Hecht, a justice of the peace, against the railroad company. After service of summons and before the return day of the writ, the corporation tendered Kamman $21.50 in full satisfaction of his claim, and it was refused. Before the trial of the cause the company deposited said sum with the justice, to keep its tender good. The result of the suit was a judgment in favor of Kamman for $55, and costs, taxed at $3.75. After the rendition of the judgment, but on the same day, the justice retained the amount of costs and paid $17.75, the residue of the amount deposited with him, to Kamman, and credited the judgment accordingly. On the 21st of April fol-

lowing an execution was issued for the collection of the amount remaining unpaid upon the judgment, and placed in the hands of the constable, Fina. The appellant thereupon filed its bill of complaint against Kamman, Hecht and Fina, appellees herein, and temporarily enjoined the collection of said execution. Answers and replications were filed and proofs taken, and upon a final hearing of the cause the bill was dismissed at the cost of the complainant. There is no equity in the bill. The proofs are conclusive that Kamman did not accept the money in full satisfaction of his judgment, but only as a partial payment. Even if it is assumed that the justice of the peace was not authorized to pay the money, after deducting costs, to Kamman, as a payment on his judgment, yet Kamman can not be prejudiced thereby, and be held to have forfeited the residue of the amount recovered by him in his suit. The real and substantial question is, with what intent the money was received—whether in part or in full satisfaction of the judgment. The acceptance of a sum tendered, if not accepted in full of the entire demand, does not preclude the party from proceeding for more : Ryal v. Rich, 10 East, 47 ; Sleght v. Rinelander, 1 Johns. 198 ; Higgins v. Halligan, 46 Ill. 173; Jenks v. Burr, 56 Id. 450 ; Monroe v. Chaldeck, 78 Id. 429. There is no error in the record, and the judgment is affirmed. Opinion by BAKER, J. Judge below, FRANKLIN BLADES. Attorneys, for appellant, Mr. WM. ARMSTRONG ; for appellee, Mr. S. R. MOORE. Opinion filed May 21, 1886.